ORIGINAL $D \nmid F$
$c \int M$

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

VINCENT MASINO, ROBERT CHEVERIE,
JOHN PETERS, ANTHONY FASULO,
MICHAEL SCARAGGI and DOMINICK
AGOSTINO, as Trustees and Fiduciaries of
the PAVERS AND ROAD BUILDERS
DISTRICT COUNCIL WELFARE,
PENSION, ANNUITY AND
APPRENTICESHIP, SKILL
IMPROVEMENT AND TRAINING
FUNDS,

                    Plaintiffs,

     -against-

BURTIS CONSTRUCTION CO., INC.,

                    Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-6512 (FB) (JMA)

*Appearances:*
*For the Plaintiff:*
CHARLES R. VIRGINIA, ESQ.
JUDY WONG, ESQ.
Barnes, Iaccarino, Virginia, Ambinder &
Shepherd, PLLC
Trinity Centre
111 Broadway, 14th Floor - Suite 1403
New York, New York 10006

**BLOCK, Senior District Judge:**

       On December 5, 2006, plaintiffs (the "Trustees") filed a complaint seeking

recovery of unpaid fringe benefit contributions, liquidated damages, statutory damages,

attorney's fees, audit fees, costs and interest. As defendant, after being duly served, failed

to respond to the complaint or otherwise defend against the action, *see* Docket Entry #19

(Clerk's Entry of Default), the Trustees now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Trustees allege that defendant was a party to a collective bargaining agreement ("CBA") with the Highway, Road and Street Construction Laborers Local Union 1010, pursuant to which defendant was responsible for fringe benefit contribution payments, and that defendant "employed individuals on work within the trade and geographical jurisdiction of Local 1010, but failed to make payment of Fringe Benefits pursuant to the Agreement . . . . " Compl. ¶ 11.

These allegations – deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of ERISA. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Thus, plaintiffs' motion for entry of a default

2

judgment is granted.

Having established a violation of § 1145, the Trustees are entitled to remedies under § 1132(g)(2), as well as any additional damages stemming from defendants' breach of the CBA; the matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED**.

s/Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 2, 2008

3